**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK S. WILLIAMS, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> THE ATTORNEY GENERAL OF : <br> THE STATE OF NEW JERSEY, et al., : <br> : <br> Respondents. : | Civil Action No. 19-573 (MAS) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Respondents' Motion to Dismiss ("Motion") (Mot., ECF No. 7) Petitioner Mark S. Williams's ("Petitioner") 28 U.S.C. § 2254 Petition (Pet., ECF No. 1) on timeliness grounds. For the reasons stated herein, the Motion is granted.[1]

**I. STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that "[a][one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that, even when a defendant does not file a

---

[1] Additionally pending before the Court is an application from Petitioner requesting that Assistant Attorney General Joie Piderit be disqualified from representing the State of New Jersey, as she may be a potential witness to Petitioner's ineffective assistance of counsel claims. (Appl. to Amend Pet., ECF No. 12.) Because the Court will dismiss the Petition as untimely, Petitioner's request is denied as moot.

petition for a writ of certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (explaining that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court" (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000))). The AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). That is, Petitioner's AEDPA limitations period would be statutorily tolled during the pendency of any state application for post-conviction relief ("PCR").

Here, Petitioner received his judgment of conviction on November 1, 2002.[2] (J. of Conviction, ECF No. 8-3.) He appealed, and the Appellate Division affirmed on October 17, 2003. (App. Div. Op., ECF No. 8-4.) The New Jersey Supreme Court denied certification on June 4, 2004. *State v. Williams*, 852 A.2d 190 (N.J. 2004). Petitioner then had 90 days in which to file a petition for writ of certiorari to the United States Supreme Court but does not appear to have done so. Accordingly, the 90 days expired on September 2, 2004, after which the one-year statute of limitations period began to run. *See Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 122 (3d Cir. 2017). Over two years later, Petitioner filed a PCR petition, which he dated October 17, 2006. (Pet. for PCR, ECF No. 8-6.)

---

[2] Petitioner appears to have had two Middlesex County Indictments, 99-02-0120 and 01-06-00696, which Respondents aver were merged. (Mot. 2.) Petitioner only challenges Indictment 99-02-0120 in his Petition. (*See* Pet. 1.) Respondents explain that Petitioner was acquitted of the one count in Indictment 01-06-00696. (Mot. 2; *see also* App. Div. Op. 1–2, ECF No. 8-4.)

Respondents argue that, because Petitioner waited over two years to file his petition for PCR, he is not entitled to statutory tolling; thus, the Petition is time-barred.[3] (Mot. 9.) In response, Petitioner makes a number of arguments. He explains that he was placed in administrative segregation and solitary confinement from July 3, 2004 through August 2, 2005, and again from May 15, 2006 through August 28, 2006. (Resp. to Mot. 2, ECF No. 11.)[4] During his 2004-2005 administrative segregation term, Petitioner alleges that he did not have access to his legal materials for the first three months. (*Id.*) Petitioner contends that he had no access to his legal materials for the entirety of his 2006 placement in solitary confinement. (*Id.*) Upon release from solitary confinement in both instances, Petitioner waited an additional thirty days to receive his property. (*Id.*) Between 2005 and 2006, Petitioner claims that there were a number of incidents—an emergency lockdown and cell searches—where he was unable to access his legal materials. (*Id.*) Petitioner also maintains that in 2005, his family hired a trial attorney who advised Petitioner "that all his 'Due Process Rights' were reserved." (*Id.*)

Petitioner appears to be raising an equitable tolling argument, which this Court finds unpersuasive. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances permitting equitable tolling include: "(1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the

---

[3] Respondents also point to a nearly three-month gap when Petitioner's PCR was denied by the New Jersey Supreme Court on October 24, 2018, *State v. Williams*, 196 A.3d 966 (N.J. 2018), and when he filed his habeas Petition with this Court, executed on January 16, 2019 (Pet. 1). (*See* Mot. 10.)

[4] The page numbers for "Resp. to Mot." refer to the ECF page numbers.

3

petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (citations omitted). The petitioner is required to exercise reasonable diligence both during the filing of the federal habeas petition and during the exhaustion of state court remedies. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799–800 (citation omitted).

Here, Petitioner did not exercise reasonable diligence. While Petitioner was initially in solitary confinement for a thirteen-month period, Petitioner readily admits that he was only without his property for the first three months. Even if the entire period that Petitioner was in solitary confinement on the first occasion and the additional month he avers he was without his property tolled, Petitioner still failed to file for PCR for over a year. While Petitioner was placed in solitary confinement a second time, that did not occur for another eight months. This simply fails to demonstrate reasonable diligence. The fact that there were isolated periods of cell searches between the years of 2005 and 2006 fails to change this Court's due diligence analysis. Finally, the fact that Petitioner's hired attorney advised him that his due process rights were reserved is also unavailing. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (rejecting equitable tolling where petitioner relied on incorrect advice from his state public defender as to when he could file his federal habeas petition). In this case, Petitioner does not even allege he was given incorrect advice. He was merely told that his due process rights were "reserved", which appears to have been true for his state PCR petition.

The Court also notes that irrespective of whether the state court accepted Petitioner's petition for PCR, the habeas Petition is still untimely. Federal law provides petitioners only one

4

year to file a habeas petition. 28 U.S.C. § 2244(d). "[O]n federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions." *Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015). Courts in this district have repeatedly held that § 2244(d)'s statute of limitations runs independently of any state-imposed time limits. *See Diquez v. Lanigan*, No. 09-4018, 2011 WL 2610125, at *5 (D.N.J. June 30, 2011) (holding that while state PCR petition may have been timely filed under state law, it was untimely under the federal statute of limitations for habeas action.); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at *7 (D.N.J. Sept. 22, 2010) ("[W]hile [the] state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions."). The Court also notes that, to the extent Petitioner was ignorant of his federal statute of limitations, "lack of legal knowledge or miscalculation regarding the . . . filing period" does not excuse an untimely filing. *Ayers v. Phelps*, 723 F. Supp. 2d 718, 722 (D. Del. 2010). "Indeed, if the 'I did not learn until later' assertion was a valid reason for equitable tolling, every habeas petitioner [could] simply feign ignorance to avoid a statute of limitations bar, an absurd argument." *Smith v. United States*, No. 14-7142, 2017 WL 1293014, at *2 (D.N.J. Apr. 5, 2017). For these reasons, the Petition is dismissed as time-barred.[5]

## II. CERTIFICATE OF APPEALABILITY

The Court denies a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue "only if the applicant has made a

---

[5] The Court also denies Petitioner's request for *pro bono* counsel (ECF No. 10), because he has neither demonstrated that he is financially eligible, nor that the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254.

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no COA shall issue.

### III.   CONCLUSION

For the reasons set forth above, the Motion is GRANTED and the Petition is DISMISSED as time-barred.

Dated: 11/4/19

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE