<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARK S. WILLIAMS,                                  :
                                                   :
              Petitioner,          :         Civil Action No. 19-573 (MAS)
                                                   :
       v.                      :             **OPINION**
                                                   :
THE ATTORNEY GENERAL OF                            :
THE STATE OF NEW JERSEY, et al.,                   :
                                                   :
           Respondents.             :

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court on Petitioner's filing of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) This Court previously denied the Petition as time-barred. (Op., Nov. 5, 2019, ECF No. 13; Order, Nov. 5, 2019, ECF No. 14.) Petitioner has now filed a "Motion to Appoint Pro Bono Counsel and Proceed on Actual Innocence" ("Motion"), which this Court construes as a motion for reconsideration. (Mot., ECF No. 15.) For the reasons stated herein, the Motion is denied.

## I.     <u>BACKGROUND</u>

      Petitioner was convicted by a jury in 2002 for first-degree conspiracy to commit murder, first-degree murder, and second-degree possession of a weapon for an unlawful purpose. (J. of Conviction, ECF No. 8-3.) The New Jersey Superior Court, Appellate Division affirmed the conviction and sentence on October 17, 2003. (App. Div. Op., Oct. 17, 2003, ECF No. 8-4.) The New Jersey Supreme Court denied certification on June 4, 2004. *See State v. Williams*, 852 A.2d 190 (N.J. 2004).

Over two years later, on October 17, 2006, Petitioner filed a petition for post-conviction relief ("PCR") in state court. (Pet. for PCR, ECF No. 8-6.) Following an evidentiary hearing, the PCR court denied the petition. (Order, Nov. 5, 2010, ECF No. 8-10; Op., Nov. 5, 2010, ECF No. 8-11.) Petitioner filed a motion for reconsideration, which the PCR court ultimately denied. (Op. and Order, Aug. 6, 2011, ECF No. 8-18.) Petitioner then filed a motion with the Appellate Division for limited remand to supplement the record, which the Appellate Division granted. (Order, Feb. 25, 2014, ECF No. 8-22.)

On June 9, 2014, Petitioner filed a notice of motion for a new trial based upon newly discovered evidence with the New Jersey Superior Court, Law Division. (Pet'r's Mot. for a New Trial, ECF No. 8-23.) On December 16, 2014, the court denied Petitioner's motion for a new trial but granted his request for an evidentiary hearing to supplement the record on his PCR. (Mem. Op., Dec. 16, 2014, ECF No. 8-24.) Following an evidentiary hearing, the court again denied the PCR. (Op. and Order, Aug. 25, 2015, ECF No. 8-25.) Petitioner filed a motion for reconsideration, which the court denied. (Op. and Order, Feb. 12, 2016, ECF No. 8-26.) On April 10, 2018, the Appellate Division affirmed the denial of Petitioner's PCR. (Op., Apr. 10, 2018, ECF No. 8-28.) The New Jersey Supreme Court denied certification. (Op., Oct. 24, 2018, ECF No. 8-29.)

On January 10, 2019, Petitioner filed a habeas petition before this Court. (Pet., ECF No. 1.) Respondents filed a Motion to Dismiss the Petition, asserting that the Petition was time-barred. (Resp't's Mot. to Dismiss, ECF No. 7.) Petitioner filed opposition. (Pet'r's Opp'n Br., ECF No. 11.) On November 5, 2019, this Court granting Respondents' motion, finding that the Petition was not filed within the one-year statute of limitations for habeas petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and that Petitioner had not demonstrated he was entitled to statutory tolling. (Op., Nov. 5, 2019, ECF No. 13; Order, Nov. 5, 2019, ECF No. 14.)

On November 13, 2019, Petitioner filed the instant Motion. (Mot., ECF No. 15.) Petitioner argues that under the United States Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), his untimely filing should be excused because he is innocent. (*Id.*) Given Petitioner's pro se status, the Court liberally construes the submission as a motion for reconsideration.[1]

## II.   ANALYSIS

A motion for reconsideration may be raised under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The Third Circuit has previously defined the difference between the two rules as follows:

> Although motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions, each has a particular purpose. Rule 60(b) provides six bases for reconsideration, including "mistake, inadvertence, surprise, or excusable neglect[.]" [. . .] Fed. R. Civ. P. 60(b)(1). In contrast, Rule 59(e) permits the filing of a motion to alter or amend a judgment. A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court, and used to allege legal error. [*Smith v. Evans*, 853 F.2d 155, 158–59 (3d Cir. 1988)]; *see also Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 463 (3d Cir.1989).

*Id.* at 288.

Here, Petitioner does not state the legal basis for his motion. (*See generally* Mot., ECF No. 15.) The Court construes Petitioner's Motion as one arising under Rule 59(e) since Petitioner is attempting to relitigate an issue already decided by this Court—whether he has established cause to overcome his untimely filing. (Mot., ECF No. 15 at 3.)[2] Petitioner asserts that he is entitled to the actual innocence doctrine announced in *McQuiggin* which permits an untimely habeas petition

---

[1] A Court is required to liberally construe pro pleadings and to hold them to less stringent standards than more formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

[2] Petitioner's motion was also filed within 28 days after the entry of the dismissal order, as required by Rule 59(e). *See* Fed. R. Civ. P. 59(e).

to still be heard by the district court if the petitioner can demonstrate actual innocence. *See McQuiggin*, 569 U.S. at 392 ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims [. . .] on the merits notwithstanding the existence of a procedural bar to relief.") As stated previously, this Court already decided the issue of whether Petitioner could overcome AEDPA's one-year statute of limitations when it granted Respondents' Motion to Dismiss. (Op., Nov. 5, 2019, ECF No. 13; Order, Nov. 5, 2019, ECF No. 14.) Significantly, however, Petitioner did not allege actual innocence when he filed opposition to Respondents' Motion to Dismiss on timeliness grounds. (*See generally* Pet'r's Opp'n Br., ECF No. 11.) He raised numerous arguments as to why he was entitled to statutory tolling, but not actual innocence. (*See generally id.*) In a Rule 59(e) motion, a petitioner may not raise new arguments or evidence which he "could have raised before the [original] decision issued." *Banister v. Davis*, No. 18-6943, 2020 WL 2814300, at *2 (U.S. June 1, 2020). Accordingly, Petitioner cannot raise an argument regarding actual innocence for the first time in the instant motion when he could have raised it in his opposition to Respondents' Motion to Dismiss.

Even if Petitioner's actual innocence argument was properly before the Court, the claim is still unavailing. In order to demonstrate actual innocence, a petitioner must: (1) "present new, reliable evidence"; and (2) "show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018), *cert. denied sub nom. State Corr. Inst. at Fayette v. Reeves*, 139 S. Ct. 2713 (2019) (quoting *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010)). Where a petitioner asserts an ineffective assistance of counsel claim is based upon counsel's failure to "discover or use exculpatory evidence," the new evidence prong of actual innocence "requires only that the evidence not be presented to the factfinder at trial."

4

*Reeves*, 897 F.3d at 162. As part of the new evidence prong, the court "'may consider how the timing of [the petitioner's] submission and the likely credibility of the [witnesses] bear on the probable reliability of that evidence,' as well as the circumstances surrounding the evidence and any supporting corroboration." *Id.* at 161 (alterations in original) (quoting *House v. Bell*, 547 U.S. 518, 537, 552 (2006)). Importantly, "[t]he gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial[.]'" *Id.* at 161 (quoting *McQuiggin*, 569 U.S. at 386, 392, 401).

Here, in an attempt to present a new argument to satisfy the first prong of proving actual innocence, Petitioner alleges that his trial counsel failed to present a phone record which demonstrates that he was in New York at the time he was alleged to have committed the murder in New Jersey. (Mot., ECF No. 15 at 4; Pet'r's Mot. for a New Trial, ECF No. 8-23 at 3.) Petitioner also states that his wife, Deborah Rogers, would have testified that she spoke to Petitioner on the night of the murder and he informed her that he was in New York. (Pet'r's Mot. for a New Trial, ECF No. 8-23 at 10.) This evidence is indeed "new" in the sense that it was not presented to the jury. Petitioner claims that although he informed his trial counsel about the existence of the phone record and witness, trial counsel did not introduce the evidence at trial. (*Id.* at 12.) The first time this evidence was presented to a court was when Petitioner filed a motion for a new trial in 2014.

The timing of Petitioner's evidence is suspicious. Despite Petitioner's assertion that he informed trial counsel about this pertinent evidence in 2002, Petitioner did not raise the argument in his direct appeal or in his first petition for post-conviction relief, even though he raised other

claims of ineffective assistance of counsel in both applications.[3] (*See* Pet'r's Br. on Direct Appeal, ECF No. 8-8 at 47–50; Pet'r's Br. on PCR, ECF No. 8-7 at 2.)  Rather, Petitioner waited 12 years until after his direct appeal and petition for PCR had already been denied to bring this information to the attention of the court.  These circumstances seemingly undermine the credibility and reliability of this "new" evidence.

Moreover, the evidence of Petitioner's guilt was substantial.[4]  The evidence presented at trial demonstrated that Petitioner and the victim were involved in drug activity and had invested money into that enterprise. (App. Div. Op., Oct. 17, 2003 at 4, ECF No. 8-4.)  Petitioner and the victim ultimately had a falling out over money and Petitioner became angry with the victim. (*Id.*)  Petitioner threatened to kill the victim on multiple occasions, including on the day of the murder. (*Id.*)  Eyewitnesses testified at trial that, after hearing gunshots, they saw two men running from the scene of the crime and entering a burgundy vehicle. (*Id.*)  One of the men was holding a gun. (*Id.*)  The State produced evidence that Petitioner had borrowed a 1998 four-door burgundy Plymouth Acclaim from a friend the day of the crime and had also armed himself with a "silver nine millimeter handgun." (*Id.* at 5.)  Eyewitnesses later identified the burgundy Plymouth Acclaim as the vehicle seen near the crime scene. (*Id.*)  The victim's cause of death was identified as gunshot wounds to his torso and leg. (*Id.*)  Additionally, the State presented evidence that after

---

[3] In his direct appeal and his first PCR petition, Petitioner did mention another alibi witness, Roxanne Harry. (Pet'r's Br. on Direct Appeal, ECF No. 8-8 at 50; Pet'r's Br. on PCR, ECF No. 8-7 at 42.)  However, this is not the woman Petitioner references in his motion for a new trial.

[4] The Court relies on the factual determinations of the Appellate Division, affording the state court with the appropriate deference.  *See* 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

the murder, Petitioner made statements to a friend that indicated his involvement in the crime. (*Id.*)

Given the foregoing, Petitioner has not shown by a preponderance of the evidence that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Reeves*, 897 F.3d at 160 (internal quotation marks and citation omitted). Even if the Court could consider Petitioner's actual innocence claim, this is not the "rare and extraordinary case" where the evidence of innocence is "so strong that a court cannot have confidence in the outcome of the trial[.]" *Reeves*, 897 F.3d at 161 (internal quotation marks and citation omitted). Since the motion for reconsideration has been denied, Petitioner's request for the appointment of pro bono counsel is denied as moot.

## III.   CONCLUSION

For the reasons set forth above, the Petitioner's Motion (Mot., ECF No. 15) is DENIED.

Dated: 6/29/20

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE